IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

DAMIAN CHRISTOPHER ANDRE, *Petitioner*,

*v.*

STATE OF ARIZONA, *Respondent*.

No. 1 CA-SA 25-0308

FILED 07-24-2026

Petition for Special Action from the Superior Court in Yavapai County
No. S1300CR202480448
The Honorable Michael R. Bluff, Judge

**JURISDICTION ACCEPTED; RELIEF DENIED**

COUNSEL

Apfel Law Group, Phoenix
By Seth Apfel
*Co-Counsel for Petitioner*

Hallam Law Group, PLLC, Phoenix
By Josephine Hallam
*Co-Counsel for Petitioner*

Yavapai County Attorney's Office, Camp Verde
By Jason Nunez
*Counsel for Respondent*

---

## OPINION

Presiding Judge James B. Morse Jr. delivered the opinion of the Court, in which Judge Veronika Fabian and Judge Kent E. Cattani joined.

---

**M O R S E**, Judge:

**¶1**　　　In this special action, Damian Christopher Andre ("Andre") challenges the superior court's denial of his motion to dismiss his indictment for providing marijuana to a minor ("J.M."). We accept special-action jurisdiction but deny relief. Although the Arizona Smart and Safe Act, A.R.S. §§ 36-2850 to -2865 (the "Act") preempts certain penalties for a minor possessing marijuana, a minor's possession is still prohibited under A.R.S. § 13-3405. Therefore, the State can properly charge an adult under A.R.S. § 13-3409 for providing marijuana to a minor.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**　　　Andre, a 49-year-old teacher at 14-year-old J.M.'s school, gave J.M. a vape cartridge filled with THC. In August 2024, the State charged Andre with four counts, including one count of providing (i.e., selling, transferring, or offering to sell or transfer) marijuana to a minor, in violation of A.R.S. § 13-3409(A)(2). Andre moved to dismiss that count. *See* Ariz. R. Crim. P. 16.4(b). The superior court denied the motion, finding Andre's indictment sufficient as a matter of law. This special-action petition followed.

### JURISDICTION

**¶3**　　　On October 24, 2025, this Court declined to exercise special-action jurisdiction. On March 4, 2026, our supreme court granted Andre's petition for review, vacated this Court's order declining jurisdiction, and remanded for this Court to consider the merits of his petition. Accordingly, we accept jurisdiction. *See* Ariz. R. Spec. Act. P. 12(a) (stating that we have discretion whether to accept jurisdiction "unless a statute or an order requires the court to accept jurisdiction").

## DISCUSSION

**¶4**　　　　　Andre argues the State cannot charge him with violating A.R.S. § 13-3409 because the Act supersedes that statute. Alternatively, Andre argues that even if A.R.S. § 13-3409 survives, sentencing him under that statute would violate the prohibition against cruel and unusual punishment under the Eighth Amendment. Andre's first argument fails on the merits, and his second argument is premature because it cannot be raised unless and until he is convicted and sentenced.

### I.　　　Prosecution Under A.R.S. § 13-3409.

**¶5**　　　　　Andre argues it is improper to prosecute him under A.R.S. § 13-3409 because J.M.'s possession is "prosecutable only under [the Act]," and J.M.'s possession of marijuana no longer violates A.R.S. § 13-3405. He argues the Act provides that "a person who is under [21 years old] who possesses, uses, transports, transfers, or solicits marijuana or cannabis, particularly in an amount below the [Act's] threshold, is not committing an offense under Title 13, Chapter 34." Andre also asks us to consider the voters' intent in passing the Act, specifically to curtail overly harsh punishments for non-serious marijuana offenses.

**¶6**　　　　　The superior court must dismiss a charge if, on the defendant's motion, it "finds that the indictment, information or complaint is insufficient as a matter of law." Ariz. R. Crim. P. 16.4(b). We review the denial of a motion to dismiss based on the insufficiency of the indictment for an abuse of discretion. *State v. Holmes*, 250 Ariz. 311, 313, ¶ 5 (App. 2020). However, we review questions of statutory interpretation de novo. *State v. Mangum*, 214 Ariz. 165, 167, ¶ 6 (App. 2007). "When interpreting statutes, we begin with the text," *Franklin v. CSAA Gen. Ins. Co.*, 255 Ariz. 409, 411, ¶ 8 (2023), and "interpret statutory language in view of the entire text, considering the context and related statutes on the same subject," *Nicaise v. Sundaram*, 245 Ariz. 566, 568, ¶ 11 (2019). "When it appears that two statutes conflict, 'whenever possible, we adopt a construction that reconciles one with the other, giving force and meaning to all statutes involved.'" *Rueschenberg v. Rueschenberg*, 219 Ariz. 249, 252, ¶ 12 (App. 2008) (quoting *UNUM Life Ins. Co. of America v. Craig*, 200 Ariz. 327, 333, ¶ 28 (2001)).

**¶7**　　　　　Determining whether the Act conflicts with A.R.S. § 13-3409 requires us to work through multiple cross-referencing statutes. We begin with A.R.S. § 13-3409(A)(2), which prohibits the transfer of marijuana to a minor "if its possession is prohibited by [§ 13-3405]." Section 13-3405

prohibits the knowing possession of marijuana "except as provided in §§ 36-2852 and 36-2853 [of the Act]."

¶8 Turning to the Act, A.R.S. § 36-2852(A) allows personal possession of marijuana "except as specifically [] provided in §§ 36-2851 and 36-2853 . . . ." And two subsections of A.R.S. § 36-2851 address possession by a minor and transfer of marijuana to a minor. Section 36-2851(4) provides that the Act "[d]oes not allow an individual who is under [21] years of age to purchase, possess, transport or consume marijuana or marijuana products." Section 36-2851(5) provides that the Act "[d]oes not allow the sale, transfer or provision of marijuana . . . to an individual who is under [21] years of age."

¶9 Tracing these interlocking statutes, A.R.S. § 13-3405(A) continues to prohibit the knowing possession of marijuana unless A.R.S. §§ 36-2852 or -2853 provide otherwise. Here, they do not provide otherwise. Neither of those sections allow a minor to possess marijuana or provide any sort of immunity for transferring marijuana to a minor. Instead, A.R.S. § 36-2852, through its reference to A.R.S. § 36-2851, expressly disclaims both.

¶10 Section 36-2853(B) of the Act provides that "[n]otwithstanding any other law, a person who is under [21] years of age and who possesses" marijuana shall pay a $100 civil penalty for a first offense, with increasing penalties for repeat offenses up to a class 1 misdemeanor for a third violation. This provision thus provides *penalties* that preempt those provided elsewhere for marijuana possession by a minor. However, the plain language of A.R.S. § 13-3405(A) continues to prohibit a minor's possession of marijuana, and A.R.S. § 13-3409 continues to criminalize the transfer of marijuana to a minor. Because nothing in the Act purports to allow a minor to possess marijuana or to allow the transfer of marijuana to a minor, there is no conflict between the Act and A.R.S. § 13-3405(A).

¶11 Andre asks us to conclude that, because there is a conflict between the relatively minor penalties provided for a minor's possession of marijuana under the Act and the harsher penalties for marijuana possession under A.R.S. § 13-3405(B)–(H), a minor's possession of marijuana is no longer prohibited by A.R.S. § 13-3405(A). We will not create a conflict where one does not exist. The Act expressly excludes possession by a minor and transfer to a minor from its protections such that there is no conflict between A.R.S. § 13-3405(A) and the Act. This interpretation is consistent with the text of both the Act and A.R.S. §§ 13-3405(A) and -3409. Therefore, there is no basis from which to conclude that it is improper to prosecute an adult for transferring marijuana to a minor under A.R.S. § 13-3409(A)(2).

*See State v. Santillanes*, 256 Ariz. 534, 539 ¶ 16 (2024) ("[R]epeals by implication are not favored, and will not be indulged, if there is any other reasonable construction." (internal quotation omitted)); *see also Hernandez v. Ariz. Bd. of Regents,* 177 Ariz. 244, 249 (1994) ("[W]henever possible, this [C]ourt interprets two apparently conflicting statutes in a way that harmonizes them and gives rational meaning to both."). The superior court did not err in denying Andre's motion to dismiss his indictment.

## II. Cruel and Unusual Punishment.

**¶12** Andre argues that sentencing him under A.R.S. § 13-3409 would violate the Eighth Amendment's prohibition against cruel and unusual punishment because he could be sentenced within a range of 13–27 years in prison with his three other counts mandated to run consecutively. *See* U.S. Const. amend. VIII; A.R.S. §§ 13-3409(B), -705(E). Alternatively, if sentenced under the Act, Andre would likely only be subjected to fines. *See e.g.*, A.R.S. § 13-802. Accordingly, Andre contends that sentencing him under A.R.S. § 13-3409 would constitute cruel and unusual punishment because of the "evolving national consensus against lengthy incarceration for low-level drug offenses."

**¶13** The Eighth Amendment's prohibition against cruel and unusual punishment does not apply "until after the conviction and sentence." *Graham v. Connor*, 490 U.S. 386, 392 n.6 (1989); *see also Ingraham v. Wright,* 430 U.S. 651, 671 n.40 (1977) ("[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law."). Because Andre has not yet been convicted or sentenced, we do not address this argument.

## CONCLUSION

**¶14** For the foregoing reasons, we accept jurisdiction but deny relief.



MATTHEW J. MARTIN • Clerk of the Court

**FILED**: JR